UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GINA HENSLEY, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:20-cv-06702 |
| PHOENIX FINANCIAL SERVICES, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** Gina Hensley ("Plaintiff"), by and through her undersigned attorneys, complaining of Phoenix Financial Services, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Illinois, Defendant conducts business in the Northern District of Illinois, and maintains significant business contacts in the Northern District of Illinois.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a debt collection agency with its principal place of business located at 8902 Otis Avenue, Suite 103A, Indianapolis, Indiana 46216. Defendant engages in collection activities in the State of Illinois.

## FACTS SUPPORTING CAUSES OF ACTION

6. On October 22, 2020, Plaintiff reviewed her TransUnion credit report and noticed Defendant reporting two accounts (#8463**** and #8854****) on her credit report ("alleged debts").

7. Plaintiff was confused by these accounts as she believed they were not hers.

8. Later that day, on October 22, 2020, Plaintiff placed a call to Defendant in order to ascertain why the alleged debts were reporting on her TransUnion report. During this call, Plaintiff disputed the alleged debts.

9. On November 9, 2020, Plaintiff checked her credit reports. Much to her chagrin, Defendant was still reporting the alleged debts on her TransUnion reports, updated November 2, 2020, and had not marked either account as disputed.

10. Plaintiff was distraught over Defendant's refusal to update the alleged debts' tradelines to reflect the disputed status of the accounts, as she believed her dispute had no effect.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff restates and realleges paragraphs 1 through 10 as though fully set forth herein.

12. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

13. The alleged debts are "debt" as defined by FDCPA §1692a(5) as they arise out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

14. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, the telephones, and credit reporting to collect defaulted accounts allegedly owed to a third party.

15. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debts after they were allegedly in default. 15 U.S.C. §1692a(6).

16. Defendant used credit reporting to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

17. Defendant violated 15 U.S.C. §1692e, e(2), and e(8) through its unlawful debt collection practices.

    a. **Violations of FDCPA § 1692e**

18. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the alleged debts.

19. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the alleged debt. Defendant failed to update the alleged debts status as disputed.

20. Moreover, Defendant violated §1692e(8) by failing to notate to the credit reporting agency, that the alleged debts were disputed by Plaintiff. Plaintiff communicated to Defendant that she disputed the alleged debts, yet Defendant failed to notate the alleged debts as disputed after updating the tradelines on November 2, 2020.

**WHEREFORE**, Plaintiff GINA HENSLEY respectfully requests that this Honorable Court:
 a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
 b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
 c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
 d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: November 11, 2020                          Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com